UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 23-023-DCR |
| ) | |
| V. ) | |
| ) | |
| JUSTIN L. OSBORNE, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Justin Osborne has filed a motion to compel the United States to disclose exculpatory evidence relevant to his trial or, alternatively, to dismiss the indictment. [Record No. 29] He is charged with one count of fleeing or evading police in the first degree in violation of KRS § 520.095(1)(a)(4), 18 U.S.C. §§ 7(3) and 13, and one count of speeding on National Forest System Roads in violation of 36 C.F.R. § 261.54(d). [Record No. 1]

Osborne's counsel claims that the United States failed to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence of a recorded conversation (the "recording") between Osborne and his girlfriend, Tiffany Young. During this conversation, Osborne states that he messaged Young before going to work on January 27, 2023. [Record No. 29, p. 2] Counsel claims that the defendant is prejudiced by the government's failure to disclose the recording because the evidence supports his alibi defense: namely, that he was working at the time of the alleged offenses and did not drive the vehicle involved in the car chase for which he is being prosecuted. [*See* Record Nos. 26, 28.]

Counsel for the defendant also contends that the government's conduct prejudiced the defense because she received a copy of the recording from the Rowan County jailer only 5 days before trial.  [Record No. 29, pp. 3-4]

The United States makes four arguments in response to the motion.  First, it states that the failure to produce the recording does not violate *Brady* because neither the attorney for the United States nor the investigating officer reviewed the evidence prior to receiving the recording from defense counsel.  [Record No. 30, p. 2 (citing *United States v. Dominguez*, No. 3:20-CR-28-KAC-HBG, 2021 WL 4899918, at *2 (E.D. Tenn. Oct. 20, 2021) (noting that the government "has no obligation to seek out and disclose jail communications that it did not review"))]

Second, it asserts that Osborne was not harmed by the failure to identify the recording because, as a participant in the conversation with Young, Osborne "knew or should have known the essential facts permitting him to take advantage of the information in question." [*Id.* at p. 3 (citing *Jones v. Bagley*, 696 F.3d 475, 487 (6th Cir. 2012))]

Third, it contends that its conduct does not prejudice Osborne because the statement in the recording that he intended to work on January 27 was "merely cumulative" of the evidence already provided.  [*Id.* (citing *Carter v. Mitchell*, 443 F.3d 517, 533 n.7 (6th Cir. 2006))]

Fourth, the government argues that the subject statement is not exculpatory.

### I.

Under *Brady*, the prosecution is required to disclose any evidence which is "favorable to the accused, and . . . material to the issue of guilt or punishment." *United States v. Miller*, 161 F. 3d 977, 986 (6th Cir. 1998). "The *Brady* inquiry has three prongs: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is

- 2 -

impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *United States v. Paulus*, 952 F.3d 717, 724 (6th Cir. 2020) (citing *Strickler v. Greene*, 527 U.S. 263 (1999)).

In this case, the defendant loses on all four grounds argued by the United States.

## II.

The defendant has not demonstrated that the recording contains exculpatory or impeaching evidence under the first prong of *Brady*. Osborne's statement that he worked on January 27 does not support his alibi defense with sufficient specificity. As the government explains, he must establish not only that he worked on January 27, but that he was working *between 4:15 p.m. and 4:29 p.m.* on that date. [Record No. 30, p. 4] *See United States v. Dye*, 508 F.2d 1226, 1231 (6th Cir. 1974) (rejecting defendant's request for jury instruction on alibi defense because the defendant's the defendant's "so-called alibi witnesses failed to account for large segments of the critical period of time"). The recording does not establish Osborne's location at the time of the alleged offenses. Thus, he has not demonstrated that the evidence is favorable to him such that disclosure under *Brady* is required.

But even if Osborne could demonstrate that the recording had exculpatory or impeaching value, the government's conduct does not violate *Brady* because the United States is not obligated to "discover" and produce recorded jail communications not in its possession. "*Brady* is concerned only with cases in which *the government possesses* information which the defendant does not." *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994) (italics added); *see also Hall v. Mays*, 7 F.4th 433, 444 (6th Cir. 2021) (holding that the United States' failure to provide prison records did not violate *Brady* because "[t]he prosecution never had actual possession or actual knowledge of these records . . . only [the prison] has these records").

Osborne has not established that the United States knew about the recording before his attorney became aware of the evidence. And the government is not required to review the entirety of the defendant's jail communications, particularly when those communications were in the possession of a third party (i.e., the Rowan County jailer).

And importantly, the defendant has not demonstrated prejudice. The failure to produce the recording is not likely to affect the outcome of Osborne's trial because he received the evidence within five days of its commencement, providing defense counsel more than sufficient time for review. *See United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) (noting that a defendant is not prejudiced by delayed disclosure of evidence if he receives the evidence "in time for its effective use at trial"); *see also United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994) ("Delay only violates *Brady* when the delay itself causes prejudice."). The defendant's failure to request additional time to review the recording further undermines any claim of prejudice. *See United States v. Hicks*, 495 F. App'x 633, 639 (6th Cir. 2012) (holding that government's mid-trial disclosure of over three hours of phone recordings did not constitute a *Brady* violation because the defendant had sufficient time to review recordings and defense counsel did not request additional time for review).

Next, Osborne cannot demonstrate any prejudice because he and his attorney were *independently aware* of the recording. "[T]he prosecution is not obligated under *Brady* to disclose information to the defense that the defense already 'knew or should have known.'" *Id.* (citing *United States v. Castano*, 906 F.3d 458, 466 (6th Cir. 2018)); *see also Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001) (finding no *Brady* violation when the FBI failed to disclose mitigating evidence in connection with the defendant's personal background

because the evidence was "independently available to [the defendant] and, importantly, [the defendant's] counsel").

As a party to the call with Young, Osborne necessarily knew about "the essential facts permitting him to take advantage of the information in question." *Jones*, 696 F.3d at 487.  And counsel for the defendant admits that she became aware of the recording when she "learned earlier this week" that Osborne and Young communicated on January 27.  [Record No. 29, p. 2]  Her demonstrated ability to obtain a copy of the recording from the Rowan County jailer several days later, with "minimal investigation," contradicts her suggestion that she could not access the recording without the government's assistance.  *Jalowiec v. Bradshaw*, 657 F.3d 293, 311 (6th Cir. 2011).

Moreover, Osborne's claim of prejudice fails because he has not established that the recording is material.  A government's failure to disclose evidence may prejudice a defendant if the exclusion of that evidence would "deprive [the defendant] of a fair trial." *Mullins*, 22 F.3d at 1371.  But as the United States explains, it has already disclosed evidence of text messages from Osborne in which he states that he worked on January 27.  [Record No. 30, p. 3]  Osborne's statement in the recording further indicating that fact is cumulative, not requiring disclosure under *Brady*.  See *Bies v. Sheldon*, 775 F.3d 386, 399 (6th Cir. 2014) (the "proper focus of *Brady*'s materiality inquiry is on the cumulative effect of the suppressed evidence on the outcome of the trial.")  (citing *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995)).

Finally, even if the evidence was not cumulative of material already disclosed, the defendant's claim fails under *Brady*'s third prong because any statements from the recording are likely inadmissible at trial.  "[T]here is no *Brady* violation where the [suppressed] evidence would have been inadmissible during trial." *Burgess v. Booker*, 526 F. App'x 416, 415 (6th

Cir. 2013) (citation omitted). Here, the defendant cannot introduce his own statement to Young through the testimony of other witnesses pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). The likely inadmissibility of Osborne's statement at trial further supports the Court's conclusion that no prejudice has been demonstrated.

Osborne also contends that United States' failure to disclose the recording suggests that the government has committed other *Brady* violations. [Record No. 29, pp. 3-4] Such unsubstantiated claims fall short of demonstrating a viable *Brady* claim. *See, e.g., United States v. Davis*, 181 F.3d 104 (6th Cir. 1999) (table) (rejecting defendant's claims based on "vague allegations that the government committed *Brady* violations" as insufficiently alleged).

### III.

Accordingly, it is hereby

**ORDERED** that the defendant's motion t [Record No. 29] is **DENIED**.

Dated: May 9, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky